## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EARL SAMPSON,** | **CIVIL ACTION** |
| *Plaintiff,* | |
| *v.* | **NO.** |
| **1-10 JOHN/JANE DOE** | **JURY TRIAL DEMANDED** |
| **WILLIAMSPORT AREA LAW** | |
| **ENFORCEMENT OFFICERS,** | |
| *Defendants.* | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Earl Sampson, by and through his undersigned counsel of O'Hanlon Schwartz, P.C., hereby demands a trial by jury and complains against the above-captioned Defendants in their individual capacities as follows:

### Statement of Claim and Jurisdiction

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution against Defendants in their individual capacities.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.     It is alleged that the individual Defendants violated Plaintiff's Fourth Amendment rights by illegally seizing and arresting Plaintiff and by initiating a violent, unnecessary, unjustified, and excessive use of force on Plaintiff.

## Parties

3.      Plaintiff, Earl Sampson (hereinafter "Plaintiff") is a citizen of the United States and at all times relevant to the claims arising herein was a citizen of the Commonwealth of Pennsylvania and resident of Lycoming County and the City of Williamsport.

4.      Defendants Williamsport Area Law Enforcement John/Jane Does #1-10, (hereinafter individually as "Defendants") were at all times relevant to this complaint duly appointed and acting officers of law enforcement agencies, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania. All Defendants as well as John/Jane Doe Defendants will collectively be referred to as "Defendants."

## Facts

5.      On or about May 12, 2021, Plaintiff was on the porch of his residence in the City of Williamsport.

6.      Plaintiff's daughter, Christina Sampson, had an ex-boyfriend, Kevin Brown, who was near the curtilage of Plaintiff's property and was causing a disturbance and being verbally threatening to Plaintiff and Plaintiff's daughter.

7.      Defendants were present and Plaintiff requested that Mr. Brown be removed from the area of Plaintiff's property because Mr. Brown did not live at Plaintiff's property and Mr. Brown had been violent and threatened violence toward Plaintiff's daughter in the past. Plaintiff also believed that Mr. Brown was under the influence of PCP and was on probation. Despite Plaintiff's request, Defendants did not act and left the area.

8.      After Defendants left, Mr. Brown continued to act in a threatening manner and approached Plaintiff's porch without permission.

2

9.      Plaintiff called the police but Defendants did not respond.

10.     Mr. Brown continued to be threatening and approached Plaintiff's porch again and Plaintiff called the police.  Mr. Brown attacked Plaintiff and knocked Plaintiff's phone from Plaintiff's hand.

11.     Defendants arrived at the scene and, despite Plaintiff's neighbors telling Defendants repeatedly that Mr. Brown had initiated all of the disturbance, each and every Defendant, acting in concert, attacked Plaintiff.

12.     Each and every Defendant, acting in concert, grabbed Plaintiff's arm, lifted Plaintiff's arm high above Plaintiff's head and threw Plaintiff to the ground, slamming his face and head to the ground.

13.     Each and every Defendant, acting in concert, then tased Plaintiff two times, including in the groin area.

14.     At all times relevant hereto, Plaintiff obeyed the commands given to him by Defendants.  Further, at no time relevant hereto, did Plaintiff engage in any behavior which could have been considered a threat to any of Defendants.

15.     Plaintiff suffered a rotary cuff tear to his shoulder and injury to his groin area as a result of being tased.

16.     Plaintiff continued to state that he had done nothing wrong and that he had called the police.  Despite this, each and every Defendant, acting in concert, proceeded to arrest Plaintiff despite multiple neighbors continuing to inform Defendants that Plaintiff had done nothing wrong.

17.     Each and every Defendant, acting in concert, then proceeded to arrest Plaintiff, handcuffing him and placing him in the back of a secure police vehicle.  Plaintiff did not use or

threaten any force and the only use of illegal force was initiated and perpetuated by each and every Defendant against Plaintiff.

18.     Plaintiff was arrested and transported to the police station where Plaintiff was photographed and fingerprinted.

19.     Plaintiff explained what had occurred, Defendants had bodycam footage as to what had occurred, and, following consultation with a prosecutor, Plaintiff was released without charge having spent two hours in Defendants' custody.

20.     The detention of Plaintiff was caused by each and every Defendant because all of these Defendants by their actions and joint verbal and gestures decided to detain Plaintiff.

21.     Plaintiff was seized and incarcerated for two hours and subsequently treated at hospital, with his primary care physician, and had to undergo painful rehab for his injured shoulder, which continues to cause Plaintiff extensive pain.

22.     Defendants' actions perpetrated against Plaintiff constitute an illegal seizure and arrest under the Fourth Amendment as well as excessive use of force under the Fourth Amendment. All Defendants had full knowledge of the lack of any legitimate cause or justification, and the conduct was intentional, malicious, reckless, and in bad faith. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical injury and mental anguish.

23.     At all times during the events described above, Defendants were engaged in a joint venture. The individual Defendants assisted each other in performing the various actions described herein and lent their physical presence and support and the authority of their offices to each other during the said events. Defendants acquiesced in the joint venture and this was exhibited by their joint explicit verbal agreement and commands, their joint gestures, and their joint physical actions that were directed at violating Plaintiff's rights. Each and every Defendant, acting individually

4

and jointly, caused injury to Plaintiff for no reason, and initiated a baseless seizure and arrest against Plaintiff.

24.     An incident report was generated as of 21-0439.

25.     On January 25, 2023, Plaintiff, through counsel submitted a Right to know request to the City of Williamsport to determine the names of all Defendants. On May 2, 2023, the City of Williamsport denied Plaintiff's request. The City of Williamsport's Police Department has also refused to provide the incident report despite requests that they do so.

26.     Defendants' actions, acting under color of state law, deprived Plaintiff of his rights under the Constitution of the United States; in particular, the right not to be illegally seized and arrested and the right to not be subjected to excessive use of force.

27.     By these actions, Defendants have deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. Section 1983. As a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

a.     Violation of his Constitutional rights under the Fourth Amendment to the United States Constitution;

b.     Loss of physical liberty;

c.     Emotional and physical injury;

28.     The actions of Defendants violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

a.     Freedom from illegal seizure and arrest and excessive use of police force;

29.     Defendants' actions were malicious, illegal, unlawful, and directed at depriving Plaintiff of his constitutional rights.

**Causes of Action**

**COUNT ONE:  42 U.S.C. § 1983 - FOURTH AMENDMENT ILLEGAL**
**SEIZURE AND FALSE ARREST**
**BY PLAINTIFF AND AGAINST ALL DEFENDANTS**

30.     Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.     Defendants caused Plaintiff to be seized, detained, and arrested for no reason in violation of his right to be secure in his person against unreasonable seizures and arrests as guaranteed to him under the Fourth Amendment to the United States Constitution.

32.     Plaintiff was illegally seized and arrested by Defendants, acting in concert. Defendants unreasonably seized and arrested Plaintiff when Plaintiff called police regarding threats and violence by Mr. Brown.

33.     Moreover, Defendants violated Plaintiff's constitutional Fourth Amendment rights to be free from unreasonable seizure, detention, and arrest guaranteed by the United States Constitution.

34.     Defendants handcuffed Plaintiff and placed him in the back of police vehicle and brought him to the police station.

35.     Plaintiff remained in custody for two hours and was released without charge because each and every Defendant knew that Plaintiff had done nothing wrong or illegal.  As a result of Defendants' actions, Plaintiff was detained without reasonable suspicion, probable cause, and without a valid warrant.

36.     As a result of the Defendants' conduct, they are liable for Plaintiff's injuries because they were integral participants in the unreasonable seizure and arrest.

37.     All of the aforementioned acts of the Defendants were carried out under the color of state law and by the Defendants in their individual capacities with all actual and/or apparent authority afforded to police officers.

38.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, including right to be free from unreasonable seizure and false arrest.

39.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and, therefore, warrants the imposition of exemplary and punitive damages.

40.     Plaintiff should, therefore, be compensated for the violation of his Fourth Amendment rights.

## COUNT TWO:  42 U.S.C. § 1983 - FOURTH AMENDMENT EXCESSIVE USE OF FORCE
### BY PLAINTIFF AND AGAINST ALL DEFENDANTS

41.     Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth.

42.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment right to be free from excessive use of force during a baseless seizure.

43.     Plaintiff complied with Defendants at all times and did not threaten or use any force.

44.     Despite this, each and every Defendant attacked Plaintiff causing injuries to Plaintiff's shoulder and groin and Plaintiff was thrown to the ground and tased for no reason.

45.     Defendants acted in concert and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their offices to each other during the said events. Defendants are liable for Plaintiff's injuries.

46.     All of the Defendants' aforementioned acts were carried out under the color of state law and by Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

47.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including the right to be free from the excessive use of police force.

48.     Each and every Defendant had personal involvement in the infringement of Plaintiff's Fourth Amendment rights and each officer was acting under color of state law.

49.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and, therefore, warrants the imposition of exemplary and punitive damages.

50.     Accordingly, Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from the excessive use of police force.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.     Award compensatory damages to Plaintiff against Defendants;

b.     Award costs of this action to Plaintiff;

c.     Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. §§

1983 and 1988 and any other applicable law;

d.     Award punitive damages to Plaintiff on all counts against Defendants to punish

them for the wanton and willful actions described above and to deter further wrongdoing especially

because Defendants used excessive force for no reason and then manufactured an entire case to

cover their wrongdoing thereby corrupting the criminal justice system;

e.     Award such other and further relief as this Court may deem appropriate.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial.

Respectfully submitted,

**O'HANLON SCHAWARTZ, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

DATE: May 8, 2023

**O'HANLON SCHWARTZ, P.C.**
BY:     Stephen T. O'Hanlon, Esquire (PA Bar # 208428)
Attorneys for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com

9